The decision below is hereby signed. Dated: June 14, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| CAMBRIDGE CAPITAL GROUP, ) | Case No. 03-01178 |
| INC., ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ) | |
| WILLIAM D. WHITE, CHAPTER 7 ) | |
| TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| v. ) | No. 06-10006 |
| ) | |
| ERIC L. CUMMINGS, ) | |
| ) | |
| Defendant. ) | |

DECISION RE: MOTION FOR DEFAULT JUDGMENT

The complaint for this adversary proceeding was filed on January 25, 2006, by the chapter 7 trustee in the debtor's main bankruptcy case to recover money or property of the estate. On the same day, a summons was issued and an amended complaint was filed. Service of the summons and the complaint was executed on January 30, 2006. No answer or response has been made by the

defendant, so, at the request of the plaintiff, default was entered by the clerk of the court on May 3, 2006.  The trustee filed a motion for default judgment on June 5, 2006.  The principal amount of monies transferred to Defendant is alleged to be $43,750.00.[1]

According to this court's decision in Webster v. Harris (In re NETtel Corp., Inc.), 327 B.R. 8 (Bankr. D.D.C. 2005), pre-judgment interest may be calculated using the prime rate unless there is evidence presented that another rate should be used or that preference claims should be treated differently than those of other private litigants.  Id. at 13.  The D.C. Circuit has also found the prime rate to be more logical in determining the appropriate pre-judgment interest because that is the rate the "victim must pay--either explicitly if it borrows money or implicitly if it finances things out of cash on hand--and the rate the wrongdoer has available to it."  Forman v. Korean Air Lines Co., 84 F.3d 446, 450-51 (D.C. Cir. 1996), cert. denied, 519 U.S. 1028 (1996)(holding that the prime rate is the appropriate rate for calculating interest on a plaintiff's award for pain and suffering).  NETtel expanded this reasoning to apply

---

[1] The trustee's motion for default judgment requests a final judgment of $200,000.00.  The court believes this figure to have been requested in error; in any event, the trustee cannot seek to recover through his motion for default judgment assets not alleged to belong to the estate in his complaint.

to bankruptcy cases.  327 B.R. at 12.[2]

The pre-judgment interest to be awarded will be calculated based on the monthly bank prime rates at the day of the filing,[3] to be compounded annually.  See id at 13-14; accord Alberts v. Mac, M.D. (In re Greater Southeast Cmty. Hosp. Corp., I), 2006 WL 1174332, at *1 (Bankr. D.D.C. Apr. 28, 2006).  This results in a judgment of $44,968.29.[4]

The post-judgment interest will be calculated according to 28 U.S.C. § 1961, which provides that interest accrues from the date of judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield" released by the Federal Reserve.  This interest will be added to the total judgment amount (the aggregate of the principal, pre-judgment interest, and costs).

A judgment follows.

---

[2] Prior to NETtel, this court applied the Treasury bill rate to calculate pre-judgment interest unless there were specific requests otherwise.  327 B.R. at 10 (citing White v. Bradford (In re Tax Reduction Institute), 138 B.R. 325 (Bankr. D.D.C 1991)).  However, the court clarified in NETtel that its former use of the Treasury bill rate was "not legally imperative," but rather was employed at the discretion of the court.  Id.

[3] An electronic version of the Federal Reserve's table of prime interest rates is available at http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt.

[4] This amount is determined by the following equation:
$43,750 x [1 + (0.0726 x 140/365)] = $44,968.29

[Signed and dated above.]

Copies to: All counsel and parties of record.